UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:17-CR-00066-TBR

UNITED STATES OF AMERICA,                                            PLAINTIFF

v.

DAVID GREENWELL,                                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on three pretrial motions filed by Defendant David Greenwell, [DN 39; DN 40; DN 41.] The United States responded to each motion, [DN 43; DN 44; DN 46.] Fully briefed, these matters are now ripe for adjudication. For the reasons discussed in detail below, Greenwell's motion to compel disclosure of informants' identities, [DN 39], is **GRANTED**; his motion for immediate disclosure of evidence affecting the credibility of prosecution witnesses, [DN 40], is **DENIED AS MOOT**; and his motion *in limine* to exclude testimony and argument about community harm, [DN 41], is **DENIED**.

BACKGROUND

The indictment in this case charges Defendant Greenwell with five separate counts, all allegedly committed while Greenwell was serving as the Sheriff of Bullitt County. [DN 1 (Indictment).] The charges include conspiracy to knowingly and intentionally distribute 1000 kilograms or more of marijuana (Count 1), attempting to obstruct, influence, and impede the federal criminal prosecution of Christopher Mattingly, a Bullitt County Special Deputy (Counts 2, 3, and 5), and acting with intent to obstruct, impede, and interfere with the criminal investigation of Mattingly by disclosing to him the contents of wire communications intercepted

1

pursuant to 18 U.S.C. § 2516. This matter is scheduled for a jury trial beginning May 8, 2018. [DN 42.]

STANDARD

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

DISCUSSION

As the Court noted above, Greenwell has three motions currently pending. The Court will address each of these motions in turn.

1. **Motion to Compel Disclosure of Informants' Identities**

First, Greenwell argues that, since he "is accused . . . of revealing the identities of informants in a drug trafficking investigation to the target of that investigation," Christopher

Mattingly, the United States must disclose the identities of those informants so that Greenwell can properly prepare his defense for trial. [DN 39 at 1–3.] In response, the United States does not oppose Greenwell's motion. [DN 46.] Rather, the United States responds that "the motion should be granted." Accordingly, there being no opposition thereto, Greenwell's motion is granted.

2. **Motion For Immediate Disclosure of Evidence Affecting the Credibility of Prosecution Witnesses**

Second, Greenwell moves the Court to order the United States to immediately disclose all *Brady* evidence, [DN 40.] In response, the United States contends that "all such evidence has been disclosed except for a supplemental plea agreement with Christopher Mattingly, which was filed under seal. The United States does not object to providing the supplemental plea agreement to the defendant after it is unsealed, and will file a motion to unseal forthwith." [DN 44.] Therefore, with the understanding that the United States has provided and will provide all *Brady* material, Greenwell's motion is denied as moot.

3. **Motion *in Limine* to Exclude Testimony and Argument About Community Harm**

Finally, Greenwell moves to exclude any testimony or argument "that conduct of the sort attributed to Mr. Greenwell threatens the safety of law enforcement officers and jeopardizes the success of drug investigations." [DN 41 at 1.] According to Greenwell, while this principle "is true in the abstract . . . [t]estimony and argument about this fact have no place in the trial." In support of this argument, Greenwell cites *United States v. Lawrence*, in which the Sixth Circuit stated that, "by invoking the need to protect community values and deter criminal conduct by others and by asking the jury to communicate messages to [the deceased victim]'s family, the police community and the community in general, the prosecutor invited the jurors to consider arguably irrelevant factors." 735 F.3d 385, 433 (6th Cir. 2013). According to Greenwell, therefore, "[e]vidence or commentary about the potentially dire consequences of crimes like the

3

ones charged against [him] would be 'wholly irrelevant to his … guilt or innocence' and should be excluded from trial." [DN 41 at 2 (quoting *United States v. Solivan*, 937 F.2d 1146, 1153 (6th Cir. 1991).

In response, the United States argues that both *Lawrence* and *Solivan*, upon which Greenwell relies, are distinguishable. [DN 43 at 1–2.] In *Solivan*, a case about cocaine trafficking, "the prosecutor was deemed to have gone too far by appealing to the jury's 'fear surrounding the War on Drugs' in a calculated attempt to 'arouse passion and prejudice and to inflame jurors' emotions regarding the War on Drugs by urging them to send a message and strike a blow to the drug problem." *Lawrence*, 735 F.3d at 432 (citing *Solivan*, 735 F.3d at 1153). There, the court explained:

> A prosecutor may not urge jurors to convict a criminal defendant in order to protect community values, preserve civil order, or deter future law breaking. The evil lurking in such prosecutorial appeals is that the defendant will be convicted for reasons wholly irrelevant to his own guilt or innocence. Jurors may be persuaded by such appeals to believe that, by convicting a defendant, they will assist in the solution of some pressing social problem. The amelioration of society's woes is far too heavy a burden for the individual criminal defendant to bear.

*Solivan*, 735 F.3d at 1153.

In *Lawrence*, "Lawrence shot and killed Columbus Police Officer Bryan Hurst." *Lawrence*, 735 F.3d at 398. On appeal, the Sixth Circuit held that, while the prosecutor's remarks about community values and deterring criminal activity were "arguably irrelevant factors," they did not render Lawrence's trial fundamentally unfair in light of the facts that

> [t]he prosecutor's references to community values were brief and general and represent a permissible request for the jury to act as the community conscience. The remarks do not appear to have been calculated to mislead or inflame the passions of the jurors. They were devoid of improper insinuations and were not intemperate or undignified. Further, insofar as impact-on-the-community evidence was properly admitted to establish a non-statutory aggravating factor, on which the court instructed the jury, the prosecutor was entitled to comment on the

4

> evidence in closing argument . . . Moreover, the complained of comments were
> not flagrant or extensive and did not result in prejudice to Lawrence's rights.

*Id.* at 433. The *Lawrence* court further explained, citing *Solivan*, that "[u]nless calculated to incite the passions and prejudices of the jurors, appeals to the jury to act as the community conscience are *not* per se impermissible." *Id.* at 432 (emphasis added) (quoting *Solivan*, 735 F.3d at 1151).

Here, the United States contends that the "comment by an FBI agent made during Greenwell's interview is not unduly prejudicial and would not be offered 'to incite the passions and prejudices of the jurors.' In the context of the entire interview, it is clear that the agents acted appropriately." [DN 43 at 2.] Specifically, the United States argues that the law enforcement officers in this case "merely answered Greenwell's question as to the obvious harm that could come from informing a drug dealer of the existence and extent of an ongoing investigation into his drug dealing activities." [*Id.*] According to the United States, this is more analogous to the situation in *Lawrence*, which was found to be harmless, than the one in *Solivan*, which was not. [*Id.*]

At this time, the Court does not find that Greenwell has shown that evidence regarding community harm in this case is patently 'inadmissible for any purpose,' *Jonasson*, 115 F.3d at 440. Specifically, without more information, the Court cannot say that the testimony at issue would "incite the passions and prejudices of the jurors." *Lawrence*, 735 F.3d at 432. Accordingly, the Court will deny the motion *in limine*. However, if and when this issue arises at trial, Greenwell is free to raise his concerns again and the Court will consider them at that time in the context of the testimony and the evidence introduced at trial.

CONCLUSION

For the reasons explained above, Greenwell's motion to compel disclosure of informants' identities, [DN 39], is **GRANTED**. The United States **SHALL**, no later than end of business day on **Thursday May 3, 2018**, disclose the required information. Next, Greenwell's motion for immediate disclosure of evidence affecting the credibility of prosecution witnesses, [DN 40], is **DENIED AS MOOT**. Finally, his motion *in limine* to exclude testimony and argument about community harm, [DN 41], is **DENIED**.

    **IT IS SO ORDERED**.

Date:

cc:    Counsel