UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

LOUISVILLE DIVISION

CRIMINAL ACTION NO. 3:17-CR-00066-TBR

FILED
VANESSA L. ARMSTRONG

NOV 0 8 2018

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**UNITED STATES**

**v.**

**DAVID GREENWELL**

**JURY INSTRUCTIONS**

1

# INSTRUCTION NO. 1

## Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing. Then I will explain some rules that you must use in evaluating particular testimony and evidence. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**INSTRUCTION NO. 2**

**Presumption of Innocence, Burden of Proof, and Reasonable Doubt**

As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are

convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

# INSTRUCTION NO. 3

## Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**INSTRUCTION NO. 4**

**Direct and Circumstantial Evidence**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 5

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

# INSTRUCTION NO. 6

## Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**INSTRUCTION NO. 7**

**Impeachment of a Witness Other Than Defendant by Prior Conviction**

You have heard the testimony of Christopher Mattingly and Eddie Whitfield. You have also heard that before this trial, Mr. Mattingly and Mr. Whitfield were convicted of crimes.

This earlier conviction was brought to your attention only as one way of helping you decide how believable each witness's testimony was. Do not use it for any other purpose. It is not evidence of anything else.

**INSTRUCTION NO. 8**

You have heard the testimony of Chris Mattingly and Eddie Whitfield and that the government has provided them more lenient sentences in exchange for their testimony. You also have heard the testimony of Jimmy Alberico and the government promised him he would not be prosecuted in exchange for his testimony.

It is permissible for the government to make such promises. But you should consider their testimony with more caution than the testimony of other witnesses. Think about these promises and consider whether their testimony may have been influenced by the governments promise. Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

## INSTRUCTION NO. 9

### Dates in the Indictment

Next, I want to say a word about the dates mentioned in the indictment.

The indictment charges that the crimes happened "on or about" or "in or around" certain dates or time periods. The government does not have to prove that the crime happened on those exact dates. But the government must prove that the crime happened reasonably close to those dates.

## INSTRUCTION NO. 10

### Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The parties for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The parties have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

# INSTRUCTION NO. 11

## Introduction of the Elements

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

I also want to make a note that the defendant has been charged with multiple crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on the other charges.

## INSTRUCTION NO. 12

**COUNT 1 - AIDING AND ABETTING [PART 1]**

(1) In Count 1, Mr. Greenwell is charged with aiding and abetting a conspiracy to knowingly and intentionally distribute marijuana. For you to find Mr. Greenwell guilty of Count 1, it is not necessary for you to find that he personally committed the crime of conspiracy or of distributing marijuana. You may also find him guilty if he intentionally helped someone else to commit these crimes. A person who does this is called an aider and abettor.

(2) But for you to find Mr. Greenwell guilty of aiding and abetting a conspiracy to knowingly and intentionally distribute marijuana, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

    (A) First, that the crime of conspiracy to knowingly and intentionally distribute marijuana was committed.

    (B) Second, that Mr. Greenwell helped to commit the crime.

    (C) And third, that Mr. Greenwell intended to help commit the crime.

(3) Proof that Mr. Greenwell may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

15

(4) What the United States must prove is that Mr. Greenwell did something to help the crime with the intent that the crime be committed.

(5) If you are convinced that the United States has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find Mr. Greenwell guilty of aiding and abetting a conspiracy to knowingly and intentionally distribute marijuana

.

**INSTRUCTION NO. 13**

**COUNT 1 - CONSPIRACY TO VIOLATE THE DRUG LAWS (21 U.S.C. § 846) [PART 2]**

As I said before, in order for you to find Mr. Greenwell guilty as an aider and abettor you must first find that the crime of conspiracy to distribute marijuana was committed. In other words, Mr. Greenwell can only be an aider and abettor if you find that there was a conspiracy. It is not necessary for the government to prove Mr. Greenwell was a co-conspirator for you to find him guilty as an aider and abettor, but the government must prove that a conspiracy was committed and that Mr. Greenwell aided and abetted that conspiracy. I will now instruct you on the elements of the crime of conspiracy to violate the drug laws.

(1) It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

(2) A conspiracy is a kind of criminal partnership. For you to find that a conspiracy was committed, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A) First, that two or more persons conspired, or agreed, to knowingly and intentionally distribute marijuana.

(B) Second, that persons knowingly and voluntarily joined the conspiracy.

17

(3)  Now I will give you more detailed instructions on some of these terms.

(A) With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to knowingly and intentionally distribute marijuana.

(1) This does not require proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details.  But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.  These are things that you may consider in deciding whether the government has proved an agreement.  But without more they are not enough.

(2) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to knowingly and intentionally distribute marijuana.  This is essential.

(3) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(B)   With regard to the second element – whether the person is a co-conspirator – the government must prove that the person knowingly and voluntarily joined that agreement.

(1)   The government must prove that the person knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

(2)   This does not require proof that the person knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning.  Nor does it require proof that the person played a major role in the conspiracy, or that his connection to it was substantial.  A slight role or connection may be enough.

(3) Further, this does not require proof that the person knew the drug involved was marijuana.  It is enough that the person knew that it was some kind of controlled substance.  Nor does this require proof that the person knew how much marijuana was involved.  It is enough that the person knew that some quantity was involved.

(4) But proof that the person simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the person may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the person joined a conspiracy. But without more they are not enough.

(5) The person's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(4) You must be convinced that the government has proved all of these elements beyond a reasonable doubt before you can find that a conspiracy was committed. And you must find that a conspiracy was committed to find Mr. Greenwell guilty of aiding and abetting.

## COUNT 1 - DISTRIBUTION OF A CONTROLLED SUBSTANCE (21 U.S.C. § 841(a)(1)) [PART 3]

As I said before, in order for you to find Mr. Greenwell guilty as an aider and abettor you must first find that the crime of conspiracy to distribute marijuana was committed. In other words, Mr. Greenwell can only be an aider and abettor if you find that there was a conspiracy. It is not necessary for the government to prove Mr. Greenwell was a co-conspirator for you to find him guilty as an aider and abettor, but the government must prove that a conspiracy was committed and that Mr. Greenwell aided and abetted that conspiracy. To help you decide whether this conspiracy was committed, I will instruct you on the crime of distribution of a controlled substance.

(1) The defendant is charged with the crime of aiding and abetting a conspiracy to distribute marijuana. Marijuana is a controlled substance. Remember, Mr. Greenwell is not charged with distributing a controlled substance. Therefore, is not necessary for the crime of distribution to be completed. But you should understand the elements of the crime of distribution of marijuana before you can decide whether Mr. Greenwell aided and abetted a conspiracy to commit the crime. I will now instruct you on the elements of distribution of marijuana. In order for the government to prove a charge of distribution of marijuana, it must prove each and every one of the following elements:

(A) That persons knowingly or intentionally distributed marijuana, and

(B) That persons knew at the time of distribution that the substance was a controlled substance.

(2) Now I will give you more detailed instructions on some of these terms.

(A) To prove that persons knowingly distributed the marijuana, the persons did not have to know that the substance was marijuana. It is enough that they knew that it was some kind of controlled substance. Further, they did not have to know how much marijuana they distributed. It is enough that they knew that they distributed some quantity of marijuana.

(B) The term "distribute" means the delivery or transfer a controlled substance. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.

(3) In determining whether a person knowingly or intentionally distributed a controlled substance, a jury may consider all the facts and circumstances shown by the evidence, including the words and actions of the people involved. Intent to distribute may be inferred from the possession of a large quantity of drugs, too large for personal use alone. A jury may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence

of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require a jury to draw such an inference, but a jury may draw it.

Again, it is important to remember that Mr. Greenwell is charged with aiding and abetting a conspiracy to distribute marijuana in Count 1. I have already instructed you on the crime of aiding and abetting and the crime of conspiracy and you should review those instructions during deliberations. You must understand that it is not necessary for the crime of distribution of marijuana to be completed for you to find Mr. Greenwell guilty of Count 1.

**INSTRUCTION NO. 15**

**COUNT 1 - UNANIMITY REQUIRED: DETERMINING AMOUNT OF CONTROLLED SUBSTANCE (§ 846) [PART 4]**

(1)  Mr. Greenwell is charged in Count 1 of the indictment with aiding and abetting a conspiracy to knowingly and intentionally distribute marijuana.  If you find the defendant guilty of this charge, you will then be asked to determine the quantity of marijuana involved in the conspiracy that was attributable to Mr. Greenwell:

    (a) as the result of his own conduct as an aider and abettor, and

    (b) the conduct of any conspirators that was reasonably foreseeable to Mr. Greenwell.

You will be provided with a special verdict form for this purpose.


(2)  If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of: at least 1000 kilograms of marijuana; or at least 100 kilograms or more but less than 1000 kilograms of marijuana; or at least 50 kilograms but less than 100 kilograms of marijuana; or less than 50 kilograms of marijuana was attributable to defendant as the result of his own conduct as an aider and abettor and the conduct of any conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

## INSTRUCTION NO. 16

## COUNTS 2, 3, AND 5 – CORRUPTLY ATTEMPTING TO OBSTRUCT, INFLUENCE, AND IMPEDE AN OFFICIAL PROCEEDING

Mr. Greenwell is charged with three counts of obstructing an official federal proceeding. The

indictment for each count reads:

> **Count 2** – In or about June 2014, in the Western District of Kentucky, Bullitt
> County, Kentucky, David Greenwell, defendant herein, while serving as the
> Sheriff of Bullitt County, corruptly attempted to obstruct, influence, and impede
> an official proceeding, that is, a federal criminal prosecution, by arranging a
> secret meeting with Christopher Mattingly, a Bullitt County Special Deputy and
> the subject of state and federal criminal investigations, and informing him that he
> was under investigation and of the name of a potential government witness. In
> violation of Title 18, United States Code, Section 1512(c)(2).

> **Count 3** – In or about July 2014, in the Western District of Kentucky, Bullitt
> County, Kentucky, David Greenwell, Defendant herein, while serving as the
> Sheriff of Bullitt County, corruptly attempted to obstruct, influence, and impede
> an official proceeding, that is, a federal criminal prosecution, by informing
> Christopher Mattingly, a Bullitt County Special Deputy and the subject of state
> and federal criminal investigations, that his place of business was under
> surveillance by pole camera. In violation of Title 18, United States Code, Section
> 1512(c)(2).

> **Count 5** – In or about July 2015, in the Western District of Kentucky, Bullitt
> County, Kentucky, David Greenwell, Defendant herein, while serving as the
> Sheriff of Bullitt County, corruptly attempted to obstruct, influence, and impede
> an official proceeding, that is, a federal criminal prosecution, by arranging a
> secret meeting with Leonard Mattingly, a Bullitt County Special Deputy, and a
> person of interest in state and federal criminal investigations, and providing him
> with the names of three potential government witnesses in the federal prosecution.
> In violation of Title 18, United States Code, Section 1512(c)(2).

The relevant statute on this subject is 18 U.S.C. § 1512(c)(2). It provides: "Whoever . . .

obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be [guilty of

a crime]."

**ELEMENTS:** In order to prove the defendant guilty of obstructing an official proceeding, the government must prove each of the following elements beyond a reasonable doubt:

(1) That the defendant obstructed, influenced, or impeded an official proceeding, or attempted to do so; and

(2) That the defendant acted corruptly.

The first element the government must prove beyond a reasonable doubt is that defendant obstructed, influenced or impeded an official proceeding, or attempted to do so.

An official proceeding means a proceeding before a court, judge, or federal agency. The proceeding may be civil or criminal. You are instructed that a federal criminal prosecution is an official proceeding.

The law does not require that the federal proceeding be pending at the time of Defendant's actions as long as the proceeding was foreseeable such that Defendant knew that his actions were likely to affect the proceeding. In addition, the government does not have to prove that defendant knew that the proceeding would be in federal court.

The second element the government must prove beyond a reasonable doubt is that the defendant acted corruptly.

A person acts "corruptly" if he acts voluntarily and deliberately and with the purpose of improperly influencing or obstructing or wrongfully impeding or interfering with the due administration of justice.

If you are convinced that the United States has proved both of these elements beyond a reasonable doubt, say so by returning a guilty verdict. If you have a reasonable doubt about either of these elements, you cannot convict the defendant of obstructing justice. **YOU MUST CONSIDER EACH COUNT SEPARATELY**.

**INSTRUCTION NO. 17**

**COUNT 4 – DISCLOSURE OF THE CONTENTS OF WIRE COMMUNICATIONS**

Mr. Greenwell has been charged with the disclosure of the contents of wire communications in violation of Title 18, United States Code, Section 2511(1)(e). The indictment reads:

> **COUNT 4 -** On or about May 15, 2015, in the Western District of Kentucky, Bullitt County, Kentucky, David Greenwell, defendant herein, while serving as the Sheriff of Bullitt County, acting with intent to obstruct, impede, and interfere with a duly authorized criminal investigation, disclosed to Christopher Mattingly, a Bullitt County Special Deputy and the subject of state and federal criminal investigations, the contents of wire communications, intercepted by means authorized by Title 18, United States Code, Section 2516, knowing that the information disclosed was obtained through the interception of such communication in connection with said criminal investigations. In violation of Title 18, United States Code, Section 2511(1)(e).

For you to find Mr. Greenwell guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1) First, that the defendant intentionally disclosed to another person the contents of a wire communication;

(2) Second, the wire communication had been intercepted by means authorized by law;

(3) Third, the defendant knew that he was disclosing information from a communication which had been intercepted in connection with a criminal investigation;

(4) Fourth, the information the defendant was disclosing had been obtained by the defendant in connection with a criminal investigation; and

(5) Fifth, the defendant disclosed the information with the intent to improperly obstruct, impede, or interfere with a duly authorized criminal investigation.

If you are convinced that the United States has proved these elements beyond a reasonable doubt, say so by returning a guilty verdict. If you have a reasonable doubt about any of these elements, you cannot convict the defendant of this crime.

Now I will instruct you on the <u>definitions</u> of some of the terms important to count 4:

A "wire communication" means an "aural transfer" – in other words, a transfer containing the human voice – made through facilities for the transmission of communications by the aid of wire, cable, or other like connection, which facilities are provided for the transmission of interstate or foreign communications or communications affecting interstate or foreign commerce.

The "contents" of a wire communication include any information concerning the substance, purport, or meaning of that communication.

To "intercept" a wire communication means to acquire its contents through the use of any electronic, mechanical, or other device.

For a wire communication to be "lawfully intercepted" under the federal wiretap statute, there must be an application seeking permission to intercept communications providing evidence of criminal activity, the application must be approved by the United States Attorney General or other appropriate state or federal official, and a state or federal judge must grant the application by issuing an order which authorizes the interception of wire communications and which specifies such things as the identity of the person whose communications are to be intercepted, the type of communications to be intercepted, the agency authorized to intercept the communications, and the period of time for which the interception is authorized.

## INSTRUCTION NO. 18

### Inferring Required Mental State

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 19

### Deliberations and Verdict

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages: do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## INSTRUCTION NO. 20

### Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 21

### Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 22

### Punishment

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 23

### Verdict

I have prepared a verdict form that you should use to record your verdict. That form is located on the last pages of these instructions.

If you decide that the government has proved the charges against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate places on the form. If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate places on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 24

### Verdict Limited to Charges against This Defendant

Remember that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

# INSTRUCTION NO. 25

## Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## INSTRUCTION NO. 26

### Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:17-CR-00066-TBR

UNITED STATES OF AMERICA,                                                    PLAINTIFF

v.

DAVID GREENWELL,                                                             DEFENDANT

## JUROR VERDICT FORM

We, the jury, unanimously find the following:

## COUNT 1

**Question 1**.  With respect to the charge in count 1 of the indictment for aiding and

abetting a conspiracy to knowingly and intentionally distribute marijuana, we find the

defendant David Greenwell:

Guilty _____        Not Guilty _____

_____          _____
Foreperson                                         Date

If you answered guilty in response to Question 1, proceed to Question 1(a).

If you answered not guilty in response to Question 1, skip Question 1(a) and
proceed to the next count.

**Question 1(a).** With respect to Count 1, you must determine the quantity of marijuana involved in the conspiracy that was attributable to Mr. Greenwell:

(a) as the result of his own conduct as an aider and abettor, and

(b) the conduct of any conspirators that was reasonably foreseeable to Mr. Greenwell:

_____ 1000 kilograms or more.

_____ 100 kilograms or more but less than 1000 kilograms.

_____ 50 kilograms or more but less than 100 kilograms.

_____ less than 50 kilograms.

_____                    _____
Foreperson                                                                          Date

Proceed to the next count.

We, the jury, unanimously find the following:

## COUNT 2

With respect to the charge in count 2 of the indictment for corruptly attempting to obstruct, influence, and impede an official proceeding, that is, a federal criminal prosecution, by arranging a secret meeting with Christopher Mattingly, a Bullitt County Special Deputy and the subject of state and federal criminal investigations, and informing him that he was under investigation and of the name of a potential government witness, we find the Defendant David Greenwell:

Guilty _____      Not Guilty _____

_____      _____

Foreperson                                             Date

Proceed to the next count.

We, the jury, unanimously find the following:

## COUNT 3

With respect to the charge in count 3 of the indictment for corruptly attempting to obstruct, influence, and impede an official proceeding, that is, a federal criminal prosecution, by informing Christopher Mattingly, a Bullitt County Special Deputy and the subject of state and federal criminal investigations, that his place of business was under surveillance by pole camera, we find the Defendant David Greenwell:

Guilty _____     Not Guilty _____

_____          _____
Foreperson                                                                          Date

Proceed to the next count.

We, the jury, unanimously find the following:

## COUNT 5

With respect to the charge in count 5 of the indictment for corruptly attempting to obstruct, influence, and impede an official proceeding, that is, a federal criminal prosecution, by arranging a secret meeting with Leonard Mattingly, a Bullitt County Special Deputy, and a person of interest in state and federal criminal investigations, and providing him with the names of three potential government witnesses in the federal prosecution, we find the Defendant David Greenwell:

Guilty _____          Not Guilty _____

_____          _____

Foreperson                                                            Date

Proceed to the next count.

We, the jury, unanimously find the following:

## COUNT 4

With respect to the charge in count 4 of the indictment for disclosing to Christopher Mattingly, a Bullitt County Special Deputy and the subject of state and federal criminal investigations, the contents of wire communications, intercepted by means authorized by law, acting with intent to obstruct, impede, and interfere with a duly authorized criminal investigation, knowing that the information disclosed was obtained through the interception of such communications in connection with said criminal investigations. In violation of Title 18, United States Code, Section 2511(1)(e), we find the Defendant David Greenwell:

Guilty _____     Not Guilty _____

_____          _____

Foreperson                                                    Date